IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TROY LUKE BURKS, #160726, | ) Civil Action No. 3:08-3025-HMH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| COLIE RUSHTON, UNIT WARDEN; PAM SMITH, MAIL CLERK; AND SCOTT LEWIS, UNIT MAJOR, SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES, | ) |
| Defendants. | ) |

Plaintiff, Troy Luke Burks, filed this action under 42 U.S.C. § 1983[1] on September 2, 2008. At the time of the alleged incidents, Plaintiff was an inmate at the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). He is currently a prisoner at the Evans Correctional Institution of the SCDC. Defendants are MCI Warden Colie Rushton ("Rushton"), MCI Mail Clerk Pam Smith ("Smith"), and MCI Unit Major Scott Lewis ("Lewis"). On November 4, 2008, Defendants filed a motion to dismiss. Because Plaintiff is proceeding pro se, he was advised on November 5, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition on November 20, 2008, and

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(l)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

an affidavit on December 16, 2008.[2] Plaintiff also filed a motion for entry of default, a motion for default judgment, and a motion to dismiss, as discussed further below.

## MOTIONS FOR DEFAULT

Plaintiff filed a motion for entry of default on December 30, 2008. He appears to argue that default should be entered because Defendants failed to answer or otherwise defend this action and they failed to answer his discovery requests. On March 3, 2009, Plaintiff filed a motion for default judgment. Plaintiff appears to argue that default judgment should be entered because Defendants have not filed an answer and they failed to answer his discovery requests. .

It is recommended that Plaintiff's motion for entry of default and his motion for default judgment be denied. Plaintiff's motions for default should be denied because Defendants timely filed an answer in this action. Service was executed as to Defendants Rushton and Lewis on September 25, 2008 (see Docs 10 and 12), and as to Defendant Smith on October 29, 2008 (see Doc. 21). Defendants filed an answer on October 9, 2008. Contrary to Plaintiff's arguments, Defendants have defended this action by filing an answer, filing a motion to dismiss, and responding to Plaintiff's motions. Plaintiff argues that his motions should be granted because Defendants failed to answer his discovery requests, which he claims violates the scheduling order in this action. Defendants, however, filed a motion to stay discovery.

## MOTIONS TO DISMISS

In his complaint, Plaintiff alleges that his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated by Defendants' actions. He claims that Defendants placed him in

---

[2]In addition, Plaintiff filed some medical records with his December 2, 2008 motion to amend. The undersigned has reviewed these records in preparing this report and recommendation.

2

solitary confinement, failed to provide him with a hearing and the calling of witnesses prior to his placement in solitary confinement, denied him access to the courts, falsely imprisoned him, discriminated against him, retaliated against him for filing a lawsuit, and required him to choose between wearing a pink jumpsuit or returning to solitary confinement.

In his Complaint, Plaintiff notes that he filed a lawsuit in the South Carolina Court of Common Pleas for McCormick County concerning at least some of the issues he is attempting to litigate here. Specifically, he references claims to his placement in solitary confinement at MCI, his release from solitary confinement on August 14, 2006, and his placement back in solitary confinement on August 16, 2006. Plaintiff provided a copy of an order dismissing the state court action, as well as a copy of the orders dismissing his appeals to the Court of Appeals of South Carolina and the South Carolina Supreme Court.

On January 28, 2009, Plaintiff filed a motion titled "Sua Sponte Dismissal Motion Pursuant to: F.R.Civ.P. Rule # 16(F) and Rule # 41." Although Plaintiff requests that this action be dismissed, it appears that he instead wishes to have summary judgment granted in his favor for what he perceives as Defendants' violation of Federal Rules 26 and 41. Rule 26(a)(1)(B), however, provides that "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from the initial disclosures under Rule 26(a). Here, Plaintiff is in the custody of the State of South Carolina and has brought this action pro se. Thus, Plaintiff has presented no basis for an entry of summary judgment based on some perceived violation of Rule 26(f). Rule 41(a) allows a Plaintiff to voluntarily dismiss his action under certain conditions. Rule 41(b) provides that if a plaintiff fails to prosecute or comply with the Federal Rules or a court order, a defendant may move to dismiss the action or any claim against it. This rule, however, does not

allow a Plaintiff to have summary judgment granted in his favor for a failure of a defendant to follow the rules or an order (nor has Plaintiff shown such a failure).

Defendants contend that their motion to dismiss should be granted based on res judicata and/or collateral estoppel.[3] Plaintiff appears to argue that Defendants' motion to dismiss should be denied because the doctrines of res judicata and/or collateral estoppel do not bar this action. Specifically, he argues that he has asserted claims in this action that he did not bring in his state court action, the state court action did not result in a final judgment, and there was fraud committed in the prior action.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Allen v. McCurry, 449 U.S. 90, 96 (1980). South Carolina law applies in determining whether this action is barred by the earlier state action. See Weston v. Margaret J. Weston Med. Ctr., 2007 WL 2750216 (D.S.C. 2007)(unpublished).

To establish res judicata under South Carolina law, a defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. Plum Creek Development Co., Inc. v. City of Conway, 512 S.E.2d 106, 108-109 (S.C. 1999). South Carolina courts hold that the doctrine of res judicata applies to issues

---

[3] As the undersigned recommends that this action be dismissed as being barred by the doctrine of res judicata, it is not necessary to address the more narrow issue of collateral estoppel or issue preclusion. The doctrine of collateral estoppel operates to prevent relitigation of matters determined in a prior proceeding. See Allen v. McCurry, 449 U.S. 90 (1980). Collateral estoppel "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311-1312 (4th Cir. 1987).

adjudicated in the prior suit and issues which could have been raised. Hilton Head Center of S.C. v. Public Service Comm'n, 362 S.E.2d 176 (S.C. 1987).

Plaintiff appears to argue that there is no identity of subject matter and there was not an adjudication of all of the issues in the prior suit.[4] Specifically, Plaintiff argues that his prior action was brought under the South Carolina Tort Claims Act and that he is now bringing constitutional claims pursuant to 42 U.S.C. § 1983. Defendants argue that the South Carolina court specifically addressed Plaintiff's claims under § 1983. They also argue that res judicata precludes the relitigation of not only the actual claims litigated, but those that could have been litigated.

Contrary to Plaintiff's argument, review of the South Carolina Court of Common Pleas order reveals that the South Carolina Circuit Court Judge James W. Johnson, Jr. found that Plaintiff failed to state a claim under § 1983 or any federal law. Judge Johnson specifically addressed Plaintiff's due process claims concerning his placement in SMU (solitary confinement), his claims concerning access to the courts, and his pink jumpsuit claims.[5]

---

[4]Defendants appear to argue that there is identity of the parties because two of the Defendants in both actions are identical (Smith and Lewis) and Rushton is in privity with the defendants in the prior action (Smith, Lewis, and SCDC). Plaintiff does not appear to dispute that there is identity of the parties.

Privity "means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding." Richburg v. Baughman, 351 S.E.2d 164 (S.C. 1986). It appears that the interests of Rushton, as an SCDC employee, represent the same legal rights in respect to the subject matter involved.

[5]In his memorandum and affidavit in opposition to Defendants' motion to dismiss, Plaintiff appears to argue that the state court did not address his claims concerning his conditions of confinement and his claims of medical deliberate indifference. Although Plaintiff states in his complaint that he is attempting to litigate an Eighth Amendment claim, he does not specifically assert claims concerning his conditions of confinement or medical claims. Thus, it appears that these claims are not properly before the court.

5

Further, the identity of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief. Plum Creek, 512 S.E.2d at 109-110. Plaintiffs' claims in this action arise from the same set of facts that gave rise to his claims in the prior state court action and the claims presented in this action existed at the time of Plaintiff's state court action.

Plaintiff argues that there was no final judgment in the state court case such that this action should not be barred. Defendants contend that the decision to dismiss Plaintiff's state court action is a final decision. Here, Plaintiff's claims were adjudicated on the merits in the state court case. Although Plaintiff appears to argue that it was not a final judgment as the South Carolina Court of Appeals and the South Carolina Supreme Court dismissed his appeals because he did not pay the applicable filing fees, he has pointed to no law (the law cited by him concerns appeals of criminal matters) that supports his argument. There is no indication that there is any appeal pending or any reason why the prior action is not a final judgment.

Plaintiff claims that this action should not be barred because he did not have a fair opportunity to litigate his claims in state court. Here, however, it is clear that Plaintiff had the opportunity to engage in extensive discovery in the state court action (see Defendants' Motion to Stay - copies of discovery documents from the state court action) and litigate his claims.

Additionally, Plaintiff appears to allege that this action should not be barred because there was fraud in the state court action. Although Plaintiff disagrees with the discovery answers provided by Defendants in the state court action, he fails to provide anything other than his own opinion to show that there was any fraud.

**CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 19) be **granted** and that Plaintiff's motion to dismiss (Doc. 39) be **denied**. It is also recommended that Plaintiff's motion for entry of default (Doc. 35), and for default judgment (Doc. 43) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

June 8, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).