IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Troy Luke Burks, #160726, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 3:08-3025-HMH-JRM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Colie Rushton, Unit Warden; Pam Smith, ) | |
| Mail Clerk; Scott Lewis, Unit Major, Sued ) | |
| in their Official and Individual Capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Troy Luke Burks ("Burks") filed a civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by placing him in solitary confinement without a hearing, restricting his "legal mail to outside lawyers and agencies," forcing him to "wear a pink jumpsuit or return to solitary [confinement]," falsely imprisoning him, and discriminating against him. (Compl., generally). In his Report, Magistrate Judge McCrorey recommends granting Defendants' motion to dismiss because Burks' "claims in this action arise from the same set of

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

facts that gave rise to his claims in the prior state court action and the claims presented in this action existed at the time of [Burks'] state court action." (Report & Recommendation 6.)

Burks filed objections to the Report and Recommendation.[2] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Burks' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Burks argues that his present claims are not barred because (1) he "did not have a full and fair opportunity to litigate issues in earlier cases," (2) the "state never made a final decision on the merits of the multiple issues," (3) the instant case derives from "significantly different facts even if there is some factual overlap," and (4) he has included a new defendant, Colie Rushton ("Rushton") in the present case. (Objections 8-11, 17, 19.) This objection is without merit.

"Res judicata is the branch of the law that defines the effect a valid judgment may have on subsequent litigation between the same parties and their privies. Res judicata ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues." Plum Creek Dev. Co. v. City of Conway, 512 S.E.2d 106, 108 (S.C. 1999). "Res judicata bars

---

[2] Defendants filed a reply to the objections on June 29, 2009.

subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." Id. at 109. "Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and *any issues which might have been raised in the former suit*." Id. (internal quotation marks omitted) (emphasis added). "To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit." Id.

Burks previously filed a case in state court alleging claims against Defendants Scott Lewis ("Lewis") and Pam Smith ("Smith") for (1) race and age discrimination, (2) improper placement in the Special Management Unit ("SMU"), (3) placement in SMU after refusing to wear a pink jumpsuit, (4) denial of access to the courts, and (5) a violation of 42 U.S.C. § 1983. (Oct. 19, 2007 Order, generally.) On August 28, 2007, a hearing was held before South Carolina Circuit Court Judge James W. Johnson, Jr., to discuss Defendants' motion for summary judgment. Subsequently, in an order dated October 19, 2007, Judge Johnson granted Defendants' motion for summary judgment on Burks' claims. Hence, Burks' claims were adjudicated on the merits in his state court case. See Baird v. Charleston County, 511 S.E.2d 69, 74 (S.C. 1999) ("Summary judgment is an adjudication on the merits of the case . . . .").

Burks' appeal was dismissed on January 4, 2008, for failure to pay the appeal filing fee and serve and file an initial brief. (Compl. Attach. p. 104 (March 5, 2008 Order).) According to the record, Burks was actively involved in the state court proceedings, he received extensive discovery from Defendants, he appeared at the hearing on the motion for summary judgment and was given ample opportunity to fully litigate his claims before the court. As such, Burks'

3

argument that he did not have a full and fair opportunity to litigate his claims in state court is without merit.

In the present action, Burks alleges violations of 42 U.S.C. § 1983 because (1) he was held in solitary confinement without a hearing, (2) his legal mail to outside lawyers and agencies was withheld, (3) he was falsely imprisoned, (4) he was retaliated against for filing a civil suit, (5) he was discriminated against, and (6) he was forced to either wear a pink jumpsuit or return to solitary confinement. (Compl., generally.) According to Burks, these "deprivation[s] of rights [have] also violated [his] First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights." (Id. ¶ 9.) Each claim presented in this action derived from the same occurrence which gave rise to his previous suit and the claims existed at the time of Burks' state court action. Consequently, because Burks' claims could have been raised in his state court action, they are now barred by res judicata.

Furthermore, Burks' allegations against Rushton are also barred by res judicata. While Rushton was not a defendant in the state court action, Rushton, an employee of the South Carolina Department of Corrections ("SCDC"), is in privity with Smith and Lewis, defendants in the prior action. "'Privity' as used in the context of res judicata . . . deals with a person's relationship to the subject matter of the litigation." Richburg v. Baughman, 351 S.E.2d 164, 166 (S.C. 1986). "To be in privity, a party's legal interests must have been litigated in the prior proceeding." Nelson v. QHG of South Carolina, Inc., 580 S.E.2d 171, 181 (S.C. Ct. App. 2003), aff'd in part, rev'd in part on other grounds, 608 S.E.2d 855 (S.C. 2005). As the magistrate judge explained, Rushton, as an SCDC employee, represents "the same legal rights in respect to the subject matter involved" in the prior state action. (Report & Recommendation 5.) Accordingly,

4

Burks' objection is without merit. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Defendants' motion to dismiss, docket number 19, is granted; and it is further

**ORDERED** that Burks' motion to dismiss and motions for entry of default, docket numbers 35, 39, and 43, are denied.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
July 1, 2009

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.