IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Troy Luke Burks, #160726, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:08-3025-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Colie Rushton, Unit Warden; Pam Smith, | ) | |
| Mail Clerk; Scott Lewis, Unit Major, Sued | ) | |
| in their Official and Individual Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Troy Luke Burks' ("Burks") motion to alter or amend

judgment and his motion for a temporary restraining order ("TRO") and preliminary injunction

pursuant to Rules 59(e) and 65 of the Federal Rules of Civil Procedure. After consideration, the

court denies the motions.

## I. Factual and Procedural Background

Burks filed a civil rights action under 42 U.S.C. § 1983 on September 2, 2008. In a

Report and Recommendation dated June 8, 2009, United States Magistrate Judge Joseph R.

McCrorey recommended that this court grant Defendants' motion to dismiss. Burks filed

objections to the Report and Recommendation on June 17, 2009. After review of Burks'

objections, this court dismissed Burks' case on July 1, 2009, with prejudice, because his claims

were barred by the doctrine of res judicata. Judgment in favor of Defendants was entered on the

same day.

## II. DISCUSSION OF THE LAW

### A. Motion to Alter or Amend Judgment

In his motion to alter or amend judgment, Burks alleges that Defendants prevented him from receiving "full access to [the] law library/legal research material, facts, conclusive proofs which are essential to justify his opposition to the courts recent summary judgment order."[1] (Burks Mot. Alter J. 1.) Burks requests that the court's "order to dismiss be stayed until there has been a final ruling on [his] motion to alter or amend 59(e) and the restraining motions." (Id. at 2.)

Motions to alter or amend a judgment must be filed within ten days of the entry of judgment. See Fed. R. Civ. P. 59(e). Judgment was entered on July 1, 2009. Burks' motion to alter judgment is dated July 8, 2009, and was filed on July 13, 2009. It is unclear when Burks mailed the instant motion. However, utilizing the July 8, 2009 date, the court finds that the motion is timely.

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an

---

[1] The court granted Defendants' motion to dismiss on July 1, 2009. There was no motion for summary judgment.

extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted). In his motion, Burks presents no new facts or evidence which alter the court's findings in its July 1, 2009 Order. In addition, Burks has identified no clear error of law. Therefore, Burks' motion is denied.

### B. Motion for TRO and Preliminary Injunction

In his motion for a TRO and preliminary injunction, Burks alleges that he is "unable to use law books and/or other legal research material, nor receive copies of needed cases." (Mot. TRO 1.) Burks requests that the court require "Defendants to give [him] full access to law books, and . . . requir[e] the Defendants to carry out the order and not burden his pending legal cases." (Burks Decl. Supp. Mot. TRO 3.)

"In evaluating whether to grant a preliminary injunction, the court should consider (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 858-59 (4th Cir. 2001). Typically, "[t]he likelihood of irreparable harm to the plaintiff is the first factor that a court should consider." Id. at 859 (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (internal quotation marks omitted).

In this case, however, it is more helpful to consider initially the likelihood of Burks' success on the merits of its underlying claim. Burks' case was dismissed with prejudice on July 1, 2009. His current argument that he was unable to fully research his opposition to the magistrate judge's Report and Recommendation is without merit. Burks filed twenty-one pages

of objections and after careful review, the court held that his claims were barred by res judicata. Moreover, the court has denied Burks' motion to alter or amend judgment. Accordingly, Burks has very little likelihood of success on the merits and thus has failed to show the likelihood of irreparable harm if the court denies his motion. As such, Burks' motion for a TRO and preliminary injunction is denied.

It is therefore

**ORDERED** that Burks' motion to alter or amend judgment, docket number 64, is denied; it is further

**ORDERED** that Burks' motion for a TRO and preliminary injunction, docket number 65, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 20, 2009

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.